IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAND VENTURES FOR 2, LLC, ) | |
| ) | |
|   Debtor. ) | |
| ) | |
| LAND VENTURES FOR 2, LLC., ) | |
| ) | |
|   Appellant, ) | |
| ) | |
|     v. ) | CIVIL ACTION NO. |
| ) | 2:10cv839-MHT |
| FARM CREDIT OF NORTHWEST ) | (WO) |
| FLORIDA, ACA, ) | |
| ) | |
|   Appellee. ) | |

OPINION AND ORDER

The instant matter is before this United States District Court on appeal from the United States Bankruptcy Court for the Middle District of Alabama. Appellant Land Ventures for 2, L.L.C. has filed a motion to reconsider the bankruptcy court's order denying its emergency motion for stay pending appeal. After considering the motion, the response of appellee Farm Credit of Northwest Florida, ACA and the record on appeal, this district court denies the motion for reasons set forth below.

## I.   FACTUAL BACKGROUND

Farm Credit's loans to Land Ventures are consolidated under a note modification agreement secured by mortgages on real property in Crenshaw County, Alabama, and Holmes County, Florida.

In 2010, Land Ventures filed a Chapter 11 bankruptcy, and soon thereafter, Farm Credit filed a motion for relief from the automatic stay.  The bankruptcy court granted the motion, thus enabling Farm Credit to move forward with foreclosures of Land Ventures' properties.  Farm Credit has noticed the foreclosure sale of the Crenshaw County real property for October 20.

On September 3, 2010, Land Ventures filed a notice of appeal of the bankruptcy court's order granting relief from the automatic stay, and, in an effort to prevent foreclosure, filed an emergency motion in the bankruptcy court to stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005.

At a hearing held on September 21, the bankruptcy court conditioned any stay on appeal on Land Ventures'

pledging additional collateral in order to provide Farm Credit with security during the appeal. Because Land Ventures refused to comply with this condition, the bankruptcy court stated that it would deny the motion and explained:

> "[Y]our plan seems to be to hang onto the property indefinitely and just let the bank, I guess, sort of hang out there indefinitely, and I am not willing to do that. ... I didn't think the bank was adequately protected when I ruled in August.  I offered you the opportunity to encumber other property.  I mean, it is a risk but what it does is it puts the risk on your client where I think it ought to be."

Transcript (Doc. No. 13) at 20.  The bankruptcy court subsequently issued an order denying the motion on September 23.

## II.  STANDARD OF REVIEW

"A motion for stay of the judgment, order, or decree of a bankruptcy judge ... pending appeal must ordinarily be presented to the bankruptcy judge in the first instance."  Fed. R. Bankr. P. 8005.  A bankruptcy judge

has the authority to make any "appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Id.  A motion for stay may also be made to the district court, but "the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge."  Id.  A stay pending appeal is generally a question for the bankruptcy judge whose decision should be reviewed for abuse of discretion.  See, e.g., In re Forest Oaks, L.L.C., 2010 WL 1904340, at *2 (S.D. Ala. May 10, 2010); In re North Plaza, L.L.C., 395 B.R. 113, 119 (S.D. Cal. 2008).  In addition, the form, amount, and sufficiency of security required by the bankruptcy court as a prerequisite to staying its own order pending appeal are matters generally within the discretion of the bankruptcy court.  See, e.g., In re Wiston XXIV Ltd. Partnership, 161 B.R. 70, 72 (D. Kan. 1993); In re Gleasman, 111 B.R. 595, 602 (Bankr. W.D. Tex. 1990).

The grant of a stay pending appeal is "an exceptional response granted only upon a showing of four factors: 1)

that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

## III.  DISCUSSION

Upon careful review of the record and arguments presented, this court holds that the bankruptcy court did not abuse its discretion in denying the motion to stay. Moreover, even if this court considers the motion de novo, the motion still should be denied.

This appeal focuses on whether the bankruptcy court was correct to deny Land Ventures' motion to stay based on the company's refusal to pledge additional collateral, which would have provided Farm Credit with adequate security during the appeal.

This court is not persuaded that the bankruptcy court

abused its discretion in requiring Land Ventures to pledge additional collateral.  The bankruptcy court correctly decided to condition a stay upon Land Ventures' posting an adequate bond to protect Farm Credit from mounting losses during the appeal.  Furthermore, the bankruptcy court emphasized that Land Ventures had, in addition to the properties in Crenshaw County and Holmes County, "five properties[,] [each] worth between a hundred and twenty-seven and three hundred and fifty thousand" dollars which it could encumber for the protection of Farm Credit. Transcript (Doc. No. 13) at 17.

Land Ventures argues, based on its own appraisals, that the total value of the Crenshaw County and Holmes County properties far exceeds the balance owed to Farm Credit, thus establishing an "equity cushion" that would protect Farm Credit during the appeal.  Land Ventures' appraisal is based on its belief that it will ultimately be able to sell the Crenshaw County for commercial use. At an August 2010 hearing held in connection with Farm Credit's motion for relief from the automatic stay,

however, the bankruptcy court rejected Land Ventures' appraisal. The bankruptcy court noted that Land Ventures had not had any offers on the Crenshaw County property; emphasized the difficulty in selling property for commercial use within the current economic climate; and expressed a concern that Land Ventures had not offered any specific plan about how it would proceed in selling the Crenshaw County property for commercial use. As a result, the bankruptcy court instead chose to adopt Farm Credit's appraisal, which it found to be more credible. Based on Farm Credit's appraisal, the value of Land Ventures' mortgaged properties is less than the balance owed to Farm Credit, necessitating the need for additional security.

Land Ventures also urges that it is not necessary for the court to set a bond in the absence of a money judgment. However, as Farm Credit contends, courts routinely condition a stay on an appeal granting relief from the stay on the opposing party's providing security. See, e.g., Gleasman, 111 B.R. 595 at 599-601. In addition, where a debtor "seeks the imposition of a stay

without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." In re General Motors Corp., 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) (internal quotations omitted).  Therefore, while it may not always be necessary for a bankruptcy court to condition a stay on the debtor's providing adequate security, the court finds that in this case the bankruptcy court properly exercised its discretion to require that Land Ventures pledge additional collateral.

***

Accordingly, it is ORDERED that appellant Land Ventures for 2, L.L.C.'s motion to reconsider the bankruptcy court's order denying its emergency motion for stay pending appeal (doc. no. 4) is denied.

DONE, this the 18th day of October, 2010.

       /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE